**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**Renee H.**

      **Plaintiff,**

                                  **Case No. 3:25-cv-342**
    **vs.**                           **Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## OPINION & ORDER

This matter comes before the Court on Plaintiff's failure to respond to the Court's Show Cause Order or otherwise file her Statement of Errors. (Doc. 17). For the following reasons, the Court **DISMISSES** Plaintiff's Complaint (Doc. 1) **without prejudice** for failure to prosecute.

## I.    BACKGROUND

Plaintiff, through counsel, brought this action challenging a final decision of the Commissioner of Social Security on October 13, 2025. (Doc. 1). The Court issued a scheduling order that required Plaintiff to file a Statement of Errors 45 days after the Commissioner filed the administrative record. (Doc. 5). The Court granted Plaintiff a brief extension to this deadline to allow the Commissioner time to supplement the record. (Docs. 12, 13, 14). Right before her new deadline, however, Plaintiff's counsel sought to withdraw. (Doc. 15 (stating Plaintiff was provided with the contact information for the Court and the phone number for an attorney referral service)). After granting the request, the Court stayed Plaintiff's deadline to file her Statement of Errors and gave her time to find new counsel. (Doc. 16). Plaintiff was ordered to file a status report by March 27, updating the Court on her search for representation or notifying the Court that she wished to proceed *pro se*. (*Id.*). Plaintiff missed her deadline.

Then, the Court ordered Plaintiff to show cause why she should be given more time to follow the Court's directive. (Doc. 17). The Court warned her that failure to comply would result in her case being dismissed for want of prosecution. (*Id.*). Plaintiff again missed her deadline. The Court subsequently indicated its intention to dismiss this action without prejudice unless Plaintiff filed a response within a week. (Doc. 18). The Court also gave the Commissioner a chance to provide input as well. (*Id.*). Neither side responded, and this matter is ready for consideration.

## II.    DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly

dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal.  First, Plaintiff has neither responded to the Court's orders nor otherwise filed her Statement of Errors.  The absence of communication from Plaintiff demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault.  *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Though the prejudice the Commissioner has suffered is minimal, the remaining factors also weigh in favor of dismissal.  As described above, the Court thrice warned Plaintiff that her failure to comply will result in the Court dismissing her case.  (Docs. 16, 17, 18).  Further, the Court considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Court concludes Plaintiff has abandoned this action.  Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation" outweigh allowing this case to linger.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).  The appropriate recourse is dismissing this action without prejudice.  *See Shea v. Comm'r of Soc. Sec.*, No. 2:18-CV-555, 2019 WL 1115028, at *1 (S.D. Ohio Mar. 11, 2019) (issuing a dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for want of prosecution following the plaintiff's failure to file a statement of errors); *Ayers v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-472, 2021 WL 8342801,

at *1 (S.D. Ohio Oct. 6, 2021) (recommending the same), *report and recommendation adopted*, No. 3:20-CV-472, 2021 WL 8342804 (S.D. Ohio Oct. 25, 2021).

## III.  CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's Complaint (Doc. 1) **without prejudice** for failure to prosecute.  The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Date: May 5, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE